BAKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-037-CR

JOHNNY JR. BAKER A/K/A JOHNNY BAKER, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Johnny Jr. Baker a/k/a Johnny Baker, Jr. appeals his conviction for aggravated robbery with a deadly weapon.  In three issues, appellant complains that: (1) the trial court erred in failing to grant a mistrial based on the prosecutor’s improper argument regarding the punishment range for aggravated assault, (2) the trial court erred in overruling the admission of certain grand jury testimony regarding appellant’s state of mind, and (3) the trial court erred in failing to admit the rest of a conversation between appellant’s brother and a police officer.  We affirm.

Appellant’s mother, Denise Baker, told appellant and his family members that Daniel Boykins had choked and assaulted her on April 20, 2004.  After Denise relayed this story to appellant, he went into her bedroom closet and obtained a semi-automatic handgun.  Appellant then gathered his brother Donny Baker, armed with a club, and Michelle Mann, armed with a knife, to go the apartment where Daniel lived with Beverly Lewis and confront Daniel about attacking Denise. 

When Donny, Michelle, and appellant arrived at the apartment, Michelle knocked on the door and claimed to be Beverly’s neighbor.  When Beverly opened the door, Donny, Michelle and appellant entered the apartment.  Beverly testified that appellant stuck the handgun in her face, almost touching her head, and she thought she was going to die.  Donny then ran into the bedroom and struck Daniel with the club.  Daniel then fled the apartment through a patio door.  Meanwhile, appellant took money from Beverly’s purse as Michelle held the knife in her hand and said, “Bitch, do you want to get cut?”   

After the three attackers fled on foot, Daniel located a police officer on patrol in the apartment complex.  Additional officers were then summoned to Daniel’s apartment.  The officers found Beverly still in the apartment, very upset, and recovered a small bat wrapped with tape that was eventually identified as the club carried by Donny.  A knife was never recovered.  The handgun appellant allegedly used was found to have been purchased by Denise in December 2003 and sold by her one week after the attack.

Daniel later identified the attackers in photographs presented by detectives.  Donny was a juvenile at the time of the offense, but appellant and Michelle were adults.  Michelle and appellant were indicted for the crime, and Michelle later entered into a plea bargain with the State to testify against appellant.  In exchange for her testimony, the State agreed to place her on deferred adjudication community supervision for ten years.  

After hearing all the evidence, the jury found appellant guilty of aggravated robbery with a deadly weapon on January 7, 2005.  The jury sentenced appellant to six years’ imprisonment and a $1,000.00 fine.  This appeal followed. 

In his first issue, appellant complains that the trial court erred in failing to grant a mistrial based on the prosecutor’s improper closing argument during the guilt-innocence phase of the trial in which appellant contends that the prosecutor improperly referred to the range of punishment for a lesser offense.

At closing, the prosecutor made the following remarks:

Now, this is the guilt/innocence phase, not the punishment phase. . . . We’re just looking at whether or not this man committed aggravated robbery, not what . . . .

sort of punishment he gets . . . . If all 12 of you deliberate, as you should, and only if all 12 of you say he is not guilty of this, then and only then do you move to the robbery or aggravated assault.  But you learned in voir dire this is what range of punishment, second degree, 2 to 20 years. 

After sustaining appellant’s objection to this statement, the trial court instructed the jury as follows:

[Y]ou’ve been notified of the charge.  You will consider yourself solely with the issue, and that is guilty or not guilty of any particular offense.  Any particular punishment is irrelevant, you won’t consider it unless and until you return a guilty verdict. 

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.
(footnote: 2)  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, will a mistrial be required.
(footnote: 3)  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct.
(footnote: 4)  

All of these factors weigh in favor of the trial court’s denial of appellant’s motion for a mistrial in this case.
  
First, the prejudicial effect of the prosecutor’s single reference to the range of punishment of a lesser included offense is very slight.  She only referred to the range of punishment once during her argument. Second, the curative measures applied by the trial court to mitigate the slight prejudicial effect of the prosecutor’s remarks were more than adequate.  The trial court not only instructed the jury to disregard the prosecutor’s statements, but on its own initiative, the trial court asked the jurors as a whole whether they understood the instruction on two separate occasions.  Both times, several jurors answered that they understood the instruction and could follow it. Appellant has presented no evidence to rebut the presumption that the jury followed the instruction to disregard.
(footnote: 5)  Third, the conviction is supported by more than ample evidence.  It is virtually certain that the jury would have found appellant guilty of aggravated robbery even absent the range-of-punishment remarks.  

Therefore, we conclude that the trial court’s instruction to disregard was effective and cured the prejudice, if any, caused by the prosecutor’s comment.  We overrule appellant’s first issue. 

In his second issue, appellant complains that the trial court erred in overruling the admission of grand jury testimony as to the state of mind of the defendant.  Appellant complains of the exclusion of evidence that Denise told him about a conversation in which Beverly told Denise’s boyfriend, Lloyd Lewis, to come get some money.  Appellant does not, however, explain how a conversation about money goes to appellant’s state of mind.  Because appellant has failed to adequately brief this issue on appeal, we overrule his second issue.
(footnote: 6)   

In his third issue, appellant complains that the trial court erred in failing to admit the rest of the conversation between appellant’s brother and a police officer.  Although appellant contends that the testimony requested is admissible under the rule of optional completeness, he does not cite any place in the trial record where the excluded testimony might fit as a continuation on the same subject.
(footnote: 7)  That is, he does not show where the rest of the conversation had already been admitted or that his request was timely.  Because appellant failed to adequately brief this issue on appeal, we overrule his third issue.  

Having overruled all of appellant’s issues, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  

3:
Id.
 (stating that improper argument is incurable when it is “so prejudicial that expenditure of further time and expense would be wasteful and futile”)
; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 124 S. Ct. 2837 (2004).  

4:
Hawkins,
 135 S.W.3d at 77; 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

5:
See Westbrook v. State
, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000),
 cert. denied
, 532 U.S. 944 (2001). 

6:
See 
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001).

7:
Issues presented without argument or authorities are waived. 
See 
Tex. R. App. P.
 38.1(h); 
Cardenas v. State
, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).